**Henry Meinshausen, trading as German American Oil Company, Defendant in Error, v. American Shipping Company, Plaintiff in Error.**

**Gen. No. 21,520.     (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916. Rehearing denied February 14, 1916.

## Statement of the Case.

Action by Henry Meinshausen, trading as the German American Oil Company, plaintiff, against the American Shipping Company, a corporation, defendant, in the Municipal Court of Chicago, to recover back overpayment of insurance premiums. To reverse a judgment for plaintiff for $544.46, defendant prosecutes this writ or error.

Plaintiff was the resident agent of Botho Farenholtz of Magdeburg, Germany, a manufacturer of oils. Defendant was a custom house broker, having places of business in New York and Chicago. Plaintiff had charge, as such agent, of consignments of oils shipped by Farenholtz to this country. Defendant, at the instance of plaintiff, did the brokerage business connected with the oils shipped by Farenholtz to Atlantic ports. Plaintiff was paid a commission by Farenholtz on the sale of all such oils. Among plaintiff's duties as the agent of Farenholtz was the placing of sea and leakage insurance upon the oil shipped by Farenholtz. Plaintiff arranged with defendant to place insurance.

Defendant was in no way obligated to Farenholtz, its dealings being wholly with plaintiff. To him defendant rendered bills and plaintiff paid them. Farenholtz subsequently reimbursed plaintiff.

SILBER, ISAACS, SILBER & WOLEY, for plaintiff in error; JAMES D. WOLEY, of counsel.

ALEXANDER H. HEYMAN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to establish that contract was with person individually and not as agent.* In an action to recover back the amount of marine insurance premiums overpaid to defendant, evidence *held* to show that the contract for insurance was with plaintiff, although it appeared that the goods insured were owned by plaintiff's principal, it also appearing that the contract sued on was with plaintiff, defendant not being obligated to such principal thereunder, and defendant rendering bills to plaintiff which plaintiff paid, it being immaterial that plaintiff was later reimbursed by such principal for such payments.

2. PRINCIPAL AND AGENT, § 220*—*when agent may maintain action to recover overpayments of money.* Where a principal through his agent, pays moneys for insurance premiums which ought not to have been paid, the agent may maintain an action to recover it back.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.